UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAWANYA S.,<br>　　　　Plaintiff,<br>　v.<br>KILOLO KIJAKAZI,<br>　　　　Defendant. | Case No. 20-cv-09302-DMR<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 26, 28 |

Plaintiff Sawanya S. moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Plaintiff not disabled and therefore denied her application for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq. [Docket No. 26.] The Commissioner cross-moves to affirm. [Docket No. 28.] For the reasons stated below, the court grants Plaintiff's motion in part, denies the Commissioner's motion, and remands this matter for further proceedings.

## I.   PROCEDURAL HISTORY

Plaintiff filed an application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits on April 27, 2015, alleging disability beginning December 29, 2014. Administrative Record ("A.R.") 403-10. The application was initially denied on December 4, 2015 and again on reconsideration on February 22, 2016. A.R. 133-34, 171-72. An Administrative Law Judge ("ALJ") held a hearing on August 15, 2017 and issued an unfavorable decision on January 10, 2018. A.R. 173-87. The Appeals Council remanded the case for a new hearing on October 12, 2018, A.R. 194-98, and the same ALJ held a second hearing on July 18, 2019, and a supplemental hearing on December 13, 2019. Supp. Admin. Tr., A.R. 39-45.

The ALJ issued a second unfavorable decision on March 5, 2020. A.R. 12-28. The ALJ

1  determined that Plaintiff has the following severe impairments: major depressive disorder;
2  generalized anxiety disorder; post-traumatic stress disorder; postherpetic neuralgia right;
3  paresthesia; chronic pain disorder; status post right shoulder arthroscopy; osteoarthritis of the right
4  shoulder; and status post right ankle arthroscopy. A.R. 18. The ALJ found that Plaintiff retains a
5  residual functional capacity ("RFC") for

> sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a) except the individual is able to frequently lift and carry less than 10 pounds, occasionally lift and carry 10 pounds; sit for up to 6 hours in an 8-hour workday; and stand or walk 2 hours in an 8-hour workday with normal breaks. The claimant can frequently climb ramps and stairs. She can frequently stoop, kneel, crouch and occasionally crawl. The claimant is able to work in environments with no more than occasional exposure to atmospheric conditions such as dust, fumes, and gases, temperature extremes, and vibrations. She can maintain attention and concentration for 2-hour segments before and after the normal morning, lunch and afternoon breaks. The claimant would be absent 1 day per month. Furthermore, the claimant can understand, remember and carry out simple, routine tasks and instructions involving simple work related decision and occasional workplace changes. She is able to perform work limited to no more than occasional interaction with supervisors and coworkers, and perform work which would not entail performing tasks in teams. She can have no more than rare contact (no more than 5% of the workday) with general public, and would be off task 10% of an 8-hour workday.

A.R. 21. Relying on the opinion of a vocational expert ("V.E.") who testified that an individual with such an RFC could perform other jobs existing in the economy, including table worker, lamp shade assembler, and electronics assembler, the ALJ concluded that Plaintiff is not disabled. A.R. 27.

After the Appeals Council denied review, Plaintiff sought review in this court pursuant to 42 U.S.C. § 405(g).

**II.    ISSUES FOR REVIEW**

Plaintiff raises four issues:

1. Whether the ALJ erred in finding that Plaintiff's fibromyalgia is not a medically determinable impairment;

2. Whether the ALJ erred in assigning weight to the medical opinion evidence;

3. Whether the ALJ erred in finding Plaintiff not credible; and

4. Whether the ALJ's RFC assessment is supported by substantial evidence.

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

### IV. DISCUSSION

As noted, the ALJ determined that Plaintiff has the following severe impairments at step two of the five-step sequential evaluation process: major depressive disorder; generalized anxiety disorder; post-traumatic stress disorder; postherpetic neuralgia right; paresthesia; chronic pain disorder; status post right shoulder arthroscopy; osteoarthritis of the right shoulder; and status post right ankle arthroscopy. A.R. 18. The ALJ noted that "the record contains several references to the diagnosis of fibromyalgia," but concluded that "this extensive medical record contains no evidence showing that the claimant exhibits the symptoms associated with this impairment." A.R. 19. In support, he stated:

> Specifically, there is no examination for fibromyalgia and no treatment records from the neurologist who the claimant states

> diagnosed her with fibromyalgia. While the record indicates that the claimant has received trigger point injections and has been treated with prescribed medication, it does not confirm that the claimant has the requisite number of tender point findings (or any tender points) and there is no evidence that medical doctors have excluded other impairments as required in SSR 12-2p. Thus, this diagnosis does not comport with the requirements set forth in SSR 12-2p that requires that an "impairment" must result from anatomical, physiological or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Consequently, the undersigned finds that this impairment does not meet the requirements set forth by the Social Security Administration needed for the determination that fibromyalgia is a medically determinable impairment.

*Id*.

Plaintiff argues that the ALJ erred at step two by finding that fibromyalgia is not a medically determinable impairment, arguing that the record "is replete with evidence of treatment for Plaintiff's intermittent severe pain throughout her body with surgery, steroid injections and pain medication, as well as a fibromyalgia-specific medication, Lyrica." Mot. 14 (citations omitted). She acknowledges that her original fibromyalgia diagnosis is not part of the record but notes that the record contains evidence that she has repeatedly been diagnosed with the disorder by her primary care and emergency medical providers since 2013. *Id*. at 15 (citations omitted). Plaintiff notes that what the ALJ characterizes as "several references to the diagnosis of fibromyalgia" in the record, citing five such examples, is actually nearly 100 references throughout the record. *Id*. at 15-16 (citations omitted). Plaintiff also asserts that the record repeatedly references tender points in contradiction to the ALJ's contention. *Id*. at 16.

"Fibromyalgia is a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue." *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (quotation marks and citation omitted). "Typical symptoms include 'chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue.'" *Id*. (quoting *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004)). However, those suffering from fibromyalgia "have muscle strength, sensory functions, and reflexes [that] are normal." *Id*. (quotation marks and citation omitted). Further, "there are no laboratory tests to confirm the diagnosis." *Benecke*, 379 F.3d at 590. Rather, fibromyalgia is "diagnosed entirely on the basis of patients' reports of pain and other

4

1    symptoms." *Id.*  The Ninth Circuit has observed that "[f]ibromyalgia's cause is unknown, there is

2    no cure, and it is poorly-understood within much of the medical community."  *Id.*

3          In 2012, the Social Security Administration ("SSA") issued a ruling recognizing that

4    fibromyalgia "can be the basis for a finding of disability."  Social Security Ruling ("SSR") 12-2p,

5    Evaluation of Fibromyalgia, 2012 WL 3104869, at *2 (Jul. 25, 2012); *see Revels*, 874 F.3d at 656

6    (describing ruling as "[a] sea-change").  The ruling sets forth two sets of criteria for diagnosing

7    fibromyalgia.  Pursuant to the first set of criteria, which is based on the 1990 American College of

8    Rheumatology ("ACR") Criteria for the Classification of Fibromyalgia, the SSA may find that a

9    person has a medically determinable impairment of fibromyalgia if she (1) has "a history of

10   widespread pain . . . that has persisted (or that persisted) for at least 3 months," although "[t]he

11   pain may fluctuate in intensity and may not always be present"; (2) has "[a]t least 11 positive

12   tender points on physical examination"; and (3) there is "[e]vidence that other disorders that could

13   cause the symptoms or signs were excluded."  SSR 12-2p at *2-3.  Pursuant to the second set of

14   criteria, which is based on the 2010 ACR Preliminary Diagnostic Criteria, the SSA may find that a

15   person has fibromyalgia if she (1) has "a history of widespread pain . . . that has persisted (or that

16   persisted) for at least 3 months," although "[t]he pain may fluctuate in intensity and may not

17   always be present"; (2) "[r]epeated manifestation of six or more [fibromyalgia] symptoms, signs,

18   or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems

19   ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and

20   (3) there is "[e]vidence that other disorders that could cause these repeated manifestations of

21   symptoms, signs, or co-occurring conditions were excluded."  *Id*. at *3.

22         Here, Plaintiff argues that the ALJ's analysis references the 1990 Criteria, which include

23   considering positive tender points, but fails to consider the 2010 Criteria altogether, which assess

24   other symptoms and co-occurring conditions.  Therefore, she argues, the ALJ erred.  Mot. 16-17.

25   *See Revels*, 874 F.3d at 662 (finding ALJ's failure "to properly analyze [plaintiff's] fibromyalgia-

26   related symptoms" was error: "[i]n evaluating whether a claimant's [RFC] renders them disabled

27   because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique

28   symptoms and diagnostic methods, as described in SSR 12-2P and *Benecke*").

1    In the Commissioner's one-paragraph response on this issue, she admits the ALJ's error
2    but contends that it was harmless. According to the Commissioner, the ALJ determined that
3    Plaintiff has several other severe impairments that cause pain, including postherpetic neuralgia
4    right; paresthesia; chronic pain disorder; status post right shoulder arthroscopy; osteoarthritis of
5    the right shoulder; and status post right ankle arthroscopy. The Commissioner argues that
6    "[b]ecause the ALJ considered Plaintiff's allegations of pain in various parts of her body, any error
7    in not considering a specific diagnosis is harmless." Opp'n 10. She does not discuss this
8    argument in any detail. Her position appears to be that the ALJ's error was harmless because
9    Plaintiff's RFC accounted for pain-related limitations.

10   An error is harmless only if it is "inconsequential to the ultimate nondisability
11   determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quotation marks and
12   citation omitted). Here, the ALJ's error in concluding that fibromyalgia was not a medically
13   determinable impairment could have affected the analysis at steps three through five. At step
14   three, the ALJ considers the medical severity of the claimant's impairments. If the claimant has an
15   impairment(s) that meets or equals one of the listings in 20 C.F.R., Pt. 404, Subpt. P, App. 1 [the
16   "Listings"] and meets the duration requirement, the ALJ will find that the claimant is disabled.
17   Fibromyalgia is not a listed impairment, but could be found to medically equal a listing, such as
18   14.09(D) for inflammatory arthritis, or "medically equal[ ] a listing in combination with at least
19   one other medically determinable impairment." SSR 12-2p at *6 (discussing SSA's consideration
20   of fibromyalgia at step three).

21   In determining a claimant's RFC at step four of the sequential analysis, an ALJ must
22   consider "all of the relevant medical and other evidence" in the record, 20 C.F.R. §§
23   404.1545(a)(3), 404.1546(c), and must consider all of the claimant's "medically determinable
24   impairments," including those that are not severe. 20 C.F.R. § 404.1545(a)(2); *Orn v. Astrue*, 495
25   F.3d 625, 630 (9th Cir. 2007). Although the Commissioner contends that the ALJ took into
26   account "Plaintiff's allegations of pain in various parts of her body" in determining her RFC, *see*
27   Opp'n 10, fibromyalgia may cause symptoms other than "pain in various parts of" the body. As
28   the SSA recognized in SSR 12-2p, symptoms and signs of fibromyalgia or co-occurring conditions

include "manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome[.]" SSR 12-2p at *3. "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

The assessment of the claimant's RFC impacts the fifth and last step, where the ALJ considers the assessment of the claimant's RFC and age, education, and work experience to see if the claimant can make an adjustment to other work. If the claimant cannot make an adjustment to other work, the ALJ will find that the claimant is disabled.

Given the potential impact of a finding at step two that Plaintiff has the medically determinable impairment of fibromyalgia on each of the subsequent steps, it is not clear whether the ALJ's error was "inconsequential to the ultimate nondisability determination." Thus, the court cannot say that the ALJ's error was harmless. Moreover, this error may have impacted the ALJ's assessment of the medical opinion evidence and Plaintiff's credibility. The ALJ concluded that Plaintiff was not entirely credible and that the opinions of several examining and treating physicians were entitled to less weight given her "work activity" from 2015 through 2017 and occasional singing performances. *See* A.R. 22-26. However, the SSA observed in SSR 12-2p that "the symptoms and signs of [fibromyalgia] may vary in severity over time and may even be absent on some days," and that the SSA "will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p at *5, 6. Plaintiff testified that when she was working full time, she missed between three and nine days per month due to her physical symptoms, A.R. 82-83, and she was ultimately terminated from her position due to her chronic pain and absences. Supp. A.R. 9, 22; A.R. 554-55.

In sum, the court concludes that the ALJ erred when he concluded at step two that fibromyalgia is not a medically determinable impairment and that the error was not harmless. This error could impact other aspects of the ALJ's decision, including evaluation of the medical opinion evidence, evaluation of Plaintiff's credibility, medical equivalence findings, and the RFC assessment. Accordingly, the court does not reach Plaintiff's remaining challenges to the ALJ's

7

opinion and remands the case for further proceedings consistent with this opinion. On remand, the ALJ shall re-evaluate these issues in light of Plaintiff's fibromyalgia.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted in part. The Commissioner's motion is denied. This matter is remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: September 6, 2022



Donna M. Ryu
United States Magistrate Judge